IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES MILES, | § | NO. 5:15-CV-159-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SELECT ENERGY SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER DENYING MOTION TO DISMISS

The matter before the Court is Defendant Select Energy Services, LLC's ("Select") Motion to Dismiss. (Dkt. # 17.) On February 29, 2016, the Court held a hearing on the motion. At the hearing, Keith Lovelace, Esq., represented Plaintiff James Miles ("Plaintiff" or "Miles"), and James M. Cleary, Jr., Esq., represented Select.

After careful consideration of the memorandum in support of the motion, and in light of the parties' arguments at the hearing, the Court, for the reasons that follow, **DENIES** Select's Motion to Dismiss (Dkt. # 17.)

BACKGROUND

In May 2014, Plaintiff was hired by Select as a commercial motor carrier driver for its Kenedy, Texas yard. (Dkt. # 1 at 2.) As a driver for Select,

Plaintiff transported salt water, potassium chlorate, and other fluids related to fracking and drilling oil wells.  (Id.)

According to Plaintiff, in January or February 2013, he began raising safety concerns at Select's weekly safety meetings.  (Id.)  Specifically, Plaintiff contends that he voiced his concern about Select drivers working more hours than allowable under law, and that drivers were smoking cigarettes in Select trucks while transporting combustible materials.  (Id.)  Plaintiff asserts that he complained that this was unacceptable conduct that violated Select's own standards and policies.  (Id.)  Plaintiff alleges that, subsequent to his complaints, he began to experience retaliation from Select for complaining about the unsafe conditions. (Id. at 3.)

On January 3, 2014, Plaintiff filed a complaint with the Occupational Safety and Health Administration ("OSHA"), alleging violations of the Surface Transportation Assistance Act, 49 U.S.C. § 31105 (the "STAA").  (Dkt. # 1-1.)  However, because more than 210 days had passed since the filing of his OSHA complaint, Plaintiff filed suit in this Court on March 2, 2015.  (Dkt. # 1.)  Plaintiff's suit alleges claims under the STAA, seeking damages for loss of income, lost wages and benefits, emotional pain, suffering, humiliation, mental anguish, and loss of enjoyment of life.  (Id.)

On November 9, 2015, Select filed the instant motion to dismiss, arguing that the Court is without jurisdiction to hear Plaintiff's damage claims under the STAA.  (Dkt. # 17.)  Plaintiff filed a late response on February 12, 2016.[1]  (Dkt. # 21.)  Select filed a reply on February 18, 2016.  (Dkt. # 25.)

## APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit.  Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A federal court properly dismisses a case, or a cause of action, for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case.  Home Builders Assn. of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960 (2002).

---

[1] Select's reply encourages the Court to strike Plaintiff's response because it was filed almost four months after the deadline to respond, without any explanation.  (Dkt. # 25 at 1.)  Although the Court notes the very late response, the Court's analysis and conclusion would be the same even if Plaintiff did not file a response; therefore, the Court will decline to strike the response.

## ANALYSIS

Select contends that the Court lacks jurisdiction to hear Plaintiff's damage claims because the STAA limits the relief that may be granted by a federal court. (Dkt. # 17 at 4.) Select asserts that the STAA's language does not authorize federal courts to award any compensatory damages or attorney's fees, or any damages for emotional pain and suffering, as Plaintiff requests. (Id. at 5.) Instead, Select argues that only the Secretary of Labor ("Secretary") may award such damages. (Id. at 4.) Because there is no language conferring such authority on a federal court, Select contends that Plaintiff's damage claims under the STAA must be dismissed.

The STAA mandates that an employee may not be discharged, disciplined or discriminated against because, among other things, the employee "has filed a complaint . . . related to a violation of a commercial motor vehicle safety or security regulation." 49 U.S.C. § 31105(a)(1)(A). An employee alleging such discharge, discipline or discrimination "may file a complaint with the Secretary of Labor not later than 180 days after the alleged violation occurred." Id. § 31105(b)(1). The Secretary of Labor must investigate any such complaint and issue a preliminary order. See id. § 31105(b)(2)(A). The parties then have the opportunity to file objections to the Secretary's preliminary order and to request a hearing on the record. See id. § 31105(b)(2)(B). After a hearing—or, where no

4

objections are filed—the Secretary of Labor shall issue a final order.  See id. § 31105(b)(2)(C).  If the Secretary of Labor fails to issue a final decision within 210 days of the filing of the complaint, the employee may bring a lawsuit in the appropriate federal district court.  See id. § 31105(c).

It is undisputed in this case that the Secretary failed to issue a final decision within 210 days.  (See Dkt. # 17 at 2.)  As stated above, the STAA provides, in relevant part:

> **De novo review**. With respect to a complaint under [the STAA], if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

49 U.S.C. § 31105(c).  Because the Secretary failed to issue a final decision within 210 days, Plaintiff filed his lawsuit in this Court.  (Dkt. # 1.)

Select, in moving to dismiss, takes issue with the statute's language, arguing that because it does not specifically state that the Court may award monetary damages upon review of Plaintiff's STAA claims, then Plaintiff's damage claims are precluded from this Court's review.  (Dkt. # 17 at 5.)  In support of its contention, Select cites portions of other whistleblower protection statutes which specifically authorize the type of relief that Plaintiff requests.  (Id.)

For instance, the Sarbanes-Oxley Act states that a complainant may file a lawsuit in federal district court if the Secretary has not issued a final decision within 180 days, and that the district court shall have jurisdiction over the case, and the complainant "shall be entitled to all relief necessary to make the employee whole," including "the amount of back pay, with interest," and "compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees."  18 U.S.C. § 1514A(b)-(c).  Select cites two more whistleblower statutes, the Safe Containers for International Cargo Act, 46 U.S.C. § 80507(c), and the Railway Safety Act, 49 U.S.C. § 2109(d)(3), (e)(2), which contain similar language allowing a federal district court to award relief, including back pay and compensatory damages, as well as attorney's fees and other costs.  (Dkt. # 17 at 5–6.)  In citing these Acts, Select argues that because the STAA "is conspicuously silent, unlike similar whistleblower statutes, this Court lacks jurisdiction to award the damages sought by Plaintiff."  (Dkt. # 17 at 6.)

Select also cites a Fifth Circuit case wherein the Court considered whether an amended provision in OSHA authorized the Secretary to seek injunctive relief in federal court to compel an inspection.  Marshall v. Gibsons Prods., Inc. v. Plano, 584 F.2d 668, 670 (5th Cir. 1978).  The Fifth Circuit held that neither the plain language of the provision nor its legislative history authorized the

injunctive relief because it would circumvent the purpose of the statute, which was intended to allow for surprise inspections, among others.  Id. at 673.  In making this finding, the Court stated "[o]bviously, any element of surprise is lost by the time the Secretary obtains an injunction."  Id.

The Fifth Circuit's decision in *Marshall* is distinguishable from the instant case.  Defendant has not presented any evidence that either the plain language or the legislative intent in the STAA was to preserve any element of surprise.  Instead, the plain language of the statute indicates that the Court clearly has the jurisdiction under the SFAA to "bring an original action at law or equity for de novo review" and the Court has jurisdiction "without regard to the amount in controversy."  49 U.S.C. § 31105(c); see Chevron, U.S.A., Inc. v. Nat. Res. Defense Council, Inc., 467 U.S. 837, 842–43 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.").  Based on this, any request for monetary damages in "an original action" brought under the STAA is not specifically limited by the statute's plain language.[2]

---

[2] Select could easily argue the reverse—the converse argument is that the statute does not specifically state that a plaintiff may not bring a claim for monetary damages under the STAA, and that therefore monetary damages are within the Court's jurisdiction because the statute does not forbid it.

Still, Select argues in its reply that the preceding section of the STAA specifically includes language allowing the Secretary to order a person who violates the STAA to "pay compensatory damages, including backpay with interest and compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees." 49 U.S.C. § 31105(b)(3)A).  Select contends that this specific language in the immediately preceding subsection indicates that Congress was deliberately silent on the jurisdictional authority of federal courts to award monetary damages.  (Dkt. # 25 at 2.)  The Court does not agree with this contention.  The statute's language in the sub-section "De novo review," allows an employee to bring "an original action at law or equity"; this language plainly gives federal courts the authority to grant Plaintiff's requested remedies, including monetary relief.  See 49 U.S.C. § 31105(c).

Accordingly, the Court finds Select's interpretation of the STAA too narrow and will not dismiss Plaintiff's claims for monetary damages.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Select's Motion to Dismiss (Dkt. # 17).

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, March 1, 2016.

_____
David Alan Ezra
Senior United States Distict Judge